# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PATRICIA MCINTYRE,** <br>     **Plaintiffs,** <br><br> v. <br><br> **HARTFORD UNDERWRITERS** <br> **INSURANCE COMPANY,** <br>     **Defendant.** | **CIVIL ACTION** <br><br><br><br> **NO. 18-4290** |

## MEMORANDUM OPINION

Plaintiff, Patricia McIntyre, filed suit in Pennsylvania state court, alleging that Defendant, Hartford Underwriters Insurance Company d/b/a The Hartford, failed to make payments in accordance with its contractual obligations related to a mold infestation in Plaintiff's home. Defendant removed the action to federal court, in response to which Plaintiff filed the currently pending motion to remand. For the reasons stated below, the motion is denied.

This dispute starts with a mold problem. In April of 2016, Plaintiff moved into a rental unit located in Philadelphia, Pennsylvania. Almost immediately, Plaintiff began suffering headaches and other physical ailments. In December, after testing revealed the apartment had a mold infestation, the landlord and rental company relocated Plaintiff to a different apartment. Unfortunately, that apartment also had issues with mold; once again, Plaintiff began suffering headaches and other physical ailments. Eventually, in June of 2017, Plaintiff moved her belongings permanently out of the second rental unit.

Throughout this ordeal, Plaintiff maintained a homeowner's insurance policy with Defendant—a Connecticut corporation that has its principal place of business there. On February 27, 2017, while testing was being conducted at the second unit, Plaintiff filed a homeowner's property damage claim with Defendant. On May 10, 2017, Plaintiff received

notice that Defendant denied her claim.

Plaintiff filed suit against Defendant in the Pennsylvania Court of Common Pleas, Philadelphia County on August 19, 2018, bringing claims for breach of contract (Count I), violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201.1-209.2 ("UTPCPL") (Count II), negligence (Count III), and unjust enrichment (Count IV). For Counts I, III, and IV, Plaintiff requested damages "in an amount not in excess of Fifty Thousand Dollars." Count II, however, did not include an *ad damnum* clause;[1] instead, Plaintiff sought "[a]ctual damages," "[l]oss of personal property," "[e]xpenses incurred for additional living expenses," "[t]reble damages as allowed by statute," and "[a]ttorney's fees and costs."

On October 4, 2018, Defendant removed the action to federal court; Plaintiff then filed this motion to remand.

A civil action in state court may be removed when the federal district court would have had original jurisdiction over the claim. *See* 28 U.S.C. § 1441. Federal district courts have diversity jurisdiction over cases where there is complete diversity between the parties and where the amount-in-controversy exceeds the sum of $75,000. 28 U.S.C. § 1332(a).

The burden of demonstrating federal jurisdiction exists rests with the party asserting jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). In considering a motion to remand, the right to remove is determined according to the plaintiff's pleading at the time of the petition for removal, *Angus v. Shiley*, 989 F.2d 142, 145 (3d Cir. 1993), and Section 1441 "is to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer*, 913 F.2d at 111.

---

[1] An *ad damnum clause* is a prayer for relief stating the amount of damages claimed. *Ad damnum clause,* Black's Law Dictionary (10th ed. 2014).

2

Plaintiff seeks remand pursuant to 28 U.S.C. § 1447 based on lack of diversity jurisdiction. Because complete diversity exists—Plaintiff is a citizen of Pennsylvania and Defendant is a citizen of Connecticut—the only issue is whether the amount-in-controversy requirement was met.

It is well-established that "the plaintiff is the master of her claim," *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006), and thus, "may limit [her] claims to avoid federal subject matter jurisdiction," *id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938)). Nevertheless, the Third Circuit has cautioned that "plaintiffs in state court should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy." *Id.* at 477. Accordingly, when determining whether the amount-in-controversy meets the jurisdictional limit:

> (1) the party seeking to establish federal jurisdiction must prove to a legal certainty that the amount in controversy exceeds the statutory threshold; (2) a plaintiff, if permitted by state law, may limit his or her monetary claims to avoid the amount in controversy threshold; and (3) the plaintiff's pleadings are not dispositive as to the amount in controversy, and courts must analyze the claims to determine the amount really at stake in the case.

*Pecko v. Allstate Ins. Co.*, 2016 WL 4239679, at *2 (E.D. Pa. Sep. 22, 2016) (citing *Morgan*, 471 F.3d at 474-75). In evaluating the amount-in-controversy requirement, "'a case must be dismissed or remanded if it appears to a legal certainty that the plaintiff *cannot* recover more than the jurisdictional amount of $75,000." *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007) (quoting *Valley v. State Farm Fire & Cas. Co.*, 504 F. Supp.2d 1, 4 (E.D. Pa. 2006) (Shapiro, J.)). However, "'[t]he rule does not require the removing defendant to prove to a legal certainty the plaintiff *can* recover $75,000—a substantially different standard.'" *Id.* (quoting *Valley*, 504 F. Supp.2d at 4).

Plaintiff argues that the amount-in-controversy requirement is not met because the

3

Complaint "limited the amount of damages in the *ad damnum* clause to 'an amount not in excess of $50,000,' which falls below the $75,000 jurisdictional minimum." Plaintiff argues that remand is therefore appropriate because the "amount really at stake" is well below the jurisdictional requirement of $75,000.

Defendant's response is two-fold. First, Defendant argues that an *ad damnum* clauses does not, on its own, defeat federal jurisdiction. Second, Defendant contends that, the *ad damnum* clauses notwithstanding, the amount-in-controversy requirement is met here because in Count II Plaintiff requests "attorneys' fees, costs, treble damages, interest, and punitive damages," which—when added to the underlying claim of roughly $47,780—could meet the jurisdictional threshold.

Whatever the merit of Plaintiff's *ad damnum* argument, the Court need not dwell on it because Defendant's second argument is dispositive. Under Count II, which does not contain an *ad damnum* clause, Plaintiff demands "[a]ctual damages," "[l]oss of personal property," and "[e]xpenses incurred for additional living expenses,"—the same damages she seeks to recover on the other Counts—as well as "[t]reble damages as allowed by statute" and "[a]ttorney's fees and costs." Where treble damages or attorney's fees are recoverable under statute, these types of damages are properly considered in determining whether the jurisdictional amount is satisfied. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 585-87 (3d Cir. 1997); *Valley*, 504 F. Supp.2d at 5; *Cinalli v. Kane*, 191 F. Supp. 2d 601, 606 (E.D. Pa. 2002). In relevant part, the UTPCPL provides: "The court may, in its discretion, award up to three times the actual damages sustained . . . and may provide such additional relief as it deems necessary or proper. The court may award to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorney fees." 73 Pa. Stat. Ann. § 209.2. Thus, Plaintiff's claim for treble damages and attorney's fees

4

must be considered in determining whether, to a legal certainty, Plaintiff cannot recover more than the jurisdictional amount of $75,000.

Given that Plaintiff's underlying claim for compensatory damages amounts to roughly $47,780, the availability of treble damages and attorney's fees makes clear that Plaintiff's demand exceeds the jurisdictional requirement of $75,000. Thus, because the requirements of 28 U.S.C. § 1332(a) are met, Plaintiff's motion to remand will be denied.

An appropriate order follows.

**December 21, 2018**                    **BY THE COURT:**

                              **/s/Wendy Beetlestone, J.**

                              _____
                              **WENDY BEETLESTONE, J.**